# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7701 | **DATE** | 8/7/2001 |
| **CASE TITLE** | | Ruddock vs. Briley | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying respondent's motion to dismiss (13-1). Respondent has until 10/9/01 to respond on merits; and petitioner has until 11/30/01 to file any reply. Ruling set for 12/21/01 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | 2 number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG - 8 2001 date docketed | 18 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 8/7/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ courtroom deputy's initials | | FILED FOR DOCKETING 01 AUG -7 PM 6: 09 | MPJ mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES ex rel. ANDRE RUDDOCK, | ) | |
| Petitioner, | ) | |
|  | ) | |
| v. | ) | No. 00 C 7701 |
|  | ) | |
| KENNETH BRILEY, Warden, Stateville Correctional Center | ) | **DOCKETED** |
|  | ) | |
| Respondent. | ) | AUG - 8 2001 |

## MEMORANDUM OPINION AND ORDER

At issue here is whether a habeas corpus petition under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), has been timely filed. The respondent, the State of Illinois (the "state"), argues that (1) the time between the state Appellate Court's rejection of the petitioner's prayer for state post-conviction relief and his filing of an appeal of that rejection by the state Supreme Court counts against the one-year limitations period of AEDPA because it does not involve a "pending" request for relief, and (2) the state's unsupported word about when the present habeas petition was filed should be taken over the petitioner's word supported by notarized documentation. I reject both of these propositions, and hold that the petition before me was timely filed so far as the state has shown.

18

Andre Ruddock was tried in the Circuit Court of Cook County, Illinois, and, on November 29, 1994, was convicted of murder and attempted murder. He was sentenced to 55 years and 15 years in prison for each crime respectively, the sentences to run concurrently. He appealed, and the Illinois Appellate Court affirmed his conviction and sentence on November 7, 1997. He petitioned for leave to appeal that ruling to the Illinois Supreme Court, which denied his petition for leave to appeal on February 4, 1998. Mr. Ruddock also filed a petition for post-conviction relief in the Cook County Circuit Court, which was rejected on February 10, 1998. The Circuit Court rejected his motion for reconsideration on February 17, 1998. According the State, Mr. Ruddock filed a notice of appeal of the rejection of this request for relief on March 6, 1998. The Illinois Appellate Court rejected his appeal on August 26, 1999. Mr. Ruddock asked for leave to appeal to the Illinois Supreme Court, which turned him down on December 1, 1999.

Mr. Ruddock then filed this petition for habeas corpus in federal court under 28 U.S.C. § 2254. It is date-stamped December 5, 2000, but the state concedes that the relevant date that counts for filing is when his habeas petition was given to the prison officials for delivery, which date, it says, is December 2, 2000, referencing "the legal mail department" of Stateville Correctional Center in Joliet, Illinois. The State provides nothing but a

-2-

footnote and its own say-so supporting this date. Mr. Ruddock states that he gave the habeas petition to prison officials on November 27, 2000, and he provides a notarized notice of filing and certificate of service stating that the petition had been served.

The State argues that the petition before me was untimely filed. AEDPA imposes a one-year limitation period on an application for a habeas writ under § 2254. The limitation period runs for one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2254(d)(1)(A). Excluded from the time is any period "when a properly filed application for state post-conviction relief or other collateral review . . . is pending." § 2254(d)(2). Because Mr. Ruddock was convicted before April 24, 1996, the effective date of AEDPA, he had a one-year grace period from that date, or until April 23, 1997, to file his federal habeas claim; but his direct review was pending through February 4, 1998, when the Illinois Supreme Court declined to hear his direct appeal, so the grace period gave him no extra time. He was also entitled to count an additional 90 days, during which time he could have filed a petition for writ of certiorari in the United States Supreme Court. *United States v. Bowen*, No. 01 C 170, 2001 WL 732404, at *1 (N.D. Ill. June 11, 2001) (Pallmeyer, J.), or until May 5, 1998. That period of time is conceded by the state. After that, he was out of time under § 2254(d)(1).

However, under § 2254(d)(2), the running of the limitations period was tolled during the pendency of a "properly filed application for state post-conviction or other collateral review." Mr. Ruddock's state post-conviction proceedings were pending through at least August 26, 1999. The state argues that the limitations period began to run again for 17 days, until September 14, 1999, when Mr. Ruddock filed with the Illinois Supreme Court, because he had nothing "pending" during this period. The state's argument is wrong. In *Fernandez v. Sternes*, 227 F.3d 977 (7th Cir. 2000), the Seventh Circuit stated that it agreed with the Ninth Circuit that the "time following an appellate court's decision, and preceding a timely application for discretionary review [is] excluded from the calculation under § 2244(d)(2)." *Id.* at 980 (citing *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999); *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000); *Taylor v. Lee*, 186 F.3d 557 (4th Cir. 1999)). The *Nino* court held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the [state] Supreme Court rejects the petitioner's final collateral challenge." 183 F.3d at 1006; *accord Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (tolling the entire period of time from the initial state post-conviction petition to the denial of certiorari by the state Supreme Court). In somewhat different but analogous circumstances, the 10th Circuit held that "AEDPA's objective of furthering exhaustion of state court

remedies," *Gibson v. Klinger,* 232 F.3d 799, 805 (10th Cir. 2000), justified tolling the "limitations period from the time the petitioner filed a state post-conviction application until the state supreme court denied certiorari, including statutory grace periods for appeal." *Id.* at 804. The *Gibson* court "construed 'pending' broadly to encompass all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Id.* As the *Nino* court reasoned, "[t]olling during the time a state prisoner is pursuing his state post- conviction remedies allows the state courts to have the unfettered first opportunity to review the prisoner's claim and to provide any necessary relief." 183 F.3d at 1007. Mr. Ruddock was exhausting his state court remedies, as shown by his filing of the appeal of the denial of his request for state post-conviction remedies with the Illinois Supreme Court. There is no argument that the filing of that appeal was untimely. Therefore, under Seventh Circuit law, the time between the state Appellate Court's denial of his petition for post-conviction relief and the filing of his appeal to the Illinois Supreme Court was excluded from the AEDPA one-year limitations period.

The state argues that nonetheless, Mr. Ruddock's petition is a day late. The state argues that the petition was due December 1, 2000, as explained above, but that "December 2, 2000[,] is the date

that Petitioner filed said petition," because it was "given to prison officials" on that date. *See Jones v. Bertrand*, 171 F.3d 499, 504 (7th Cir. 1999) ("[A] pro se petition for habeas relief is deemed filed for statute of limitations purposes when it is given to the proper prison officials and not when it is actually received by the district court clerk.").

In a footnote, the state says that its information about the receipt of the petition by prison officials is "[a]ccording to the legal mail department of the Stateville Correctional Center, which reviewed Petitioner's mail records." The state does not submit any affidavit or other evidence from the legal mail department. It just expects me to take its unsupported word. I note that the legal mail department is not a neutral party, but is a part of the authority that is holding Mr. Ruddock in prison, and so is adverse to him. Its statements with regard to his interests are therefore not necessarily to be credited. Moreover, the state's reports on what the legal mail department told the state's attorney would be hearsay if I could treatment the arguments of counsel as evidence, which I cannot.

In contrast, Mr. Ruddock offers a copy of a properly notarized Notice of Filing and Certificate of Service addressed to the Clerk of the Northern District of Illinois dated November 27th, 2000. In the circumstances, that is sufficient evidence that the present petition was given to the proper prison authorities on November 27,

2000. Because I have rejected the state's argument that the period before the filing of Mr. Ruddock's appeal of the denial of his state post-conviction remedies should be included in the running of the limitations period, my determination that his § 2254 petition was filed on November 27, 2000, means that it was filed in a timely manner. The motion to dismiss is DENIED.

ENTER ORDER:

Elaine E. Bucklo
United States District Judge

Dated:    August 7, 2001